1 **KAUFMAN DOLOWICH VOLUCK & GONZO LLP**
Frances M. O'Meara    SBN 140600
2 Stephen M. Caine     SBN 119590
Hao Nguyen           SBN 222008
3 11755 Wilshire Boulevard, Suite 2400
Los Angeles, California 90025
4 Telephone: (310) 775-6511
Facsimile: (310) 525-9720
5
Attorneys for Defendant COALITION AMERICA, INC.
6

7

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10

11 SANJIV GOEL, MD,                    Case No. CV 11-02349 GAF (Ex)

12              Plaintiff,             Assigned to the Hon. Gary A. Feess
                                       Courtroom 740
13       vs.

14 COALITION AMERICA HOLDING           [~~PROPOSED~~] PROTECTIVE
   COMPANY, INC.; COALITION            ORDER GOVERNING THE
15 AMERICA, INC.; MULTIPLAN            PRODUCTION AND HANDLING
   SERVICES CORPORATION;               OF CONFIDENTIAL MATERIAL
16 INTERPLAN HEALTH GROUP,
   INC.; CIGNA HEALTHCARE OF
17 CALIFORNIA; HEALTH NET LIFE
   INSURANCE COMPANY;
18 HEALTH NET OF CALIFORNIA,
   INC.; TC3 HEALTH, INC.; DOES 1
19 to 50 inclusive,

20              Defendants.

21

22       Pursuant to the stipulation between all the remaining parties in this

23 litigation, Plaintiff Sanjiv Goel and Defendants Coalition America, Inc., CIGNA

24 Healthcare of California, Health Net Life Insurance Company, and Health Net of

25 California, Inc. (collectively, the "Parties"), and being fully advised by the Parties,

26 and good cause appearing, the Court enters the following Protective Order:

27

28

1  To facilitate production and receipt of information during discovery in
2  the above-captioned action (the "Action"), Plaintiff Sanjiv Goel and Defendants
3  Coalition America, Inc., CIGNA Healthcare of California, Health Net Life
4  Insurance Company, and Health Net of California, Inc. (collectively, the "Parties")
5  have agreed and stipulated, through their respective counsel, to the entry of an order
6  pursuant to Federal Rule of Civil Procedure 26(c) for the protection of private or
7  confidential information that may be produced or otherwise disclosed by them or
8  third parties during the course of the Action.
9  First, the Parties acknowledge that discovery exchanged between the
10 parties will include patient health information that must be kept strictly confidential
11 pursuant to applicable federal and state laws and regulations, including the Health
12 Insurance Portability and Accountability Act of 1996.
13 Second, the Parties possess highly confidential, proprietary and
14 commercially sensitive information, including but not limited to confidential
15 financial information, pricing schedules and other internal documentation created
16 for internal use and not to be disclosed to the public. The Parties acknowledge that
17 in addition to disclosure to the public, Plaintiff has sued direct competitors in this
18 litigation, and as business competitors the co-defendants have compelling reasons
19 to keep commercially sensitive pricing and claims processing information
20 confidential. Disclosure of this highly confidential information may lead to
21 competitive harm.
22 NOW THEREFORE, upon consideration of the record and
23 proceedings herein, the stipulation of the Parties, and good cause appearing
24 therefore,
25 IT IS ORDERED THAT:
26
27 1. As used herein, "Action" shall refer to the above-captioned case,
28 including any appeal through final judgment.

2.  As used herein, "Authorized Persons" shall refer to any individual authorized by paragraph 10 of this Protective Order to view Confidential Information.

3.  As used herein, "Confidential" information shall refer to (1) Confidential Health Information (as defined below in paragraph 16), (2) trade secret information as defined in California Civil Code Section 3426.1, or other proprietary or confidential financial, operational, confidential research, development or commercial information, and/or (3) any information subject to the right to privacy of any individual or entity.

4.  The term "Confidential" shall also apply to copies, extracts, and complete or partial summaries prepared from such documents or information designated as "Confidential," as well as to any documents or information which quotes, paraphrases or characterizes documents or information designated as "Confidential."

5.  As used herein, "document" shall include "documents and electronically stored information," as described in Federal Rule of Civil Procedure 34(a)(1)(A) and "writings and recordings," as defined in Federal Rule of Evidence 1001, and shall include, without limitation, all original writings, drawings, graphs, charts, photographs, recordings (by video or audio device), electronically-stored data, and every other means of recording upon any tangible thing or medium any form of communication or representation, and any copies thereof.

6.  As used herein, "Parties" shall refer to Plaintiff Sanjiv Goel and Defendants Coalition America, Inc., CIGNA Healthcare of California, Health Net Life Insurance Company, and Health Net of California, Inc., and any individual acting on their behalf, including but not limited to attorneys, agents, and employees. As used herein, "Producing Party" shall refer to any person or entity producing information, documents, discovery responses or testimony in connection with this litigation.

7. All information produced by the Parties or any other person or entity pursuant to formal discovery requests in this Action shall be used only for preparation and trial of this Action, including motions, appeals and retrials therein, and shall not be used for any other purpose. Counsel of record retained by the Parties shall, at all times, make diligent efforts to insure that Confidential information is not disclosed to persons who are not Authorized Persons under the terms of this Protective Order. Failure to make diligent efforts to do so shall be grounds for imposition of sanctions at the discretion of the Court.

8. Confidential information, including any testimony, information, document, or thing produced in connection with this litigation may be designated as "Confidential" by the Producing Party in accordance with this Order. Designation of information as "Confidential" shall be made by marking the respective pages of the document (where applicable), or otherwise conspicuously marking the materials with the legend "CONFIDENTIAL." Documents or things which cannot be reasonably labeled pursuant to this paragraph shall be so designated by the Producing Party by informing the receiving Party in writing.

9. The designation of any document or information as "Confidential" pursuant to the terms of this Order shall constitute a verification by counsel of record of the Producing Party that such counsel has reviewed the document or information and that the designation is, in the good faith judgment of counsel, consistent with the terms of this Order.

10. Confidential material and information derived from materials marked "Confidential" shall not be disclosed, except to the following persons:

    a. The Court and necessary Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial, trial of the Action, or any appeal of the Action;

    b. Counsel for any Party, and the paralegal, stenographic, clerical and secretarial personnel employed by such counsel;

  c. Any Party and the employees, officers, and agents of such Parties, but only to the extent necessary for purposes of the litigation;

  d. Any person who (a) authored the Confidential material, or (b) had previous access to the Confidential material based upon the known source of the Confidential material;

  e. Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system;

  f. Non-party experts or consultants (together with their associates, consultants and clerical and secretarial staff) retained to assist in prosecution, defense, settlement or other disposition of the Action;

  g. Any person whom a Party intends, in good faith, to call as a witness in any deposition, hearing or trial in the Action, and that person's attorneys, to the extent reasonably necessary to give his or her testimony;

  h. Any witness at a deposition, hearing or trial in the Action, and that person's attorneys, to the extent reasonably necessary to give his or her testimony; and

  i. Any other person to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each party hereto.

 11. Prior to receiving any information designated as Confidential, each Authorized Person referenced in subparagraphs 10(c), 10(d), 10(f), 10(g), 10(h), and 10(i) shall be provided with a copy of this Order and shall execute a Confidentiality Agreement in the form of Attachment A.

 12. The list of persons to whom Confidential information may be provided may be expanded by mutual agreement of counsel. Any Party may propose such an expansion by serving a letter on all counsel of record specifically identifying, and

describing the role and function of, the person(s) intended to be added to the list ("Expansion Letter"). Person(s) so designated shall be automatically added to the persons listed in paragraph 10 unless, within 15 business days of service of the Expansion Letter, counsel for a Party objects to the Expansion Letter by serving a written objection stating a good faith basis for such an objection. If counsel for a Party objects to an Expansion Letter, no Confidential material produced by the objecting Party may be disclosed to such person(s) unless the Court so orders.

13. The Parties acknowledge that information produced in discovery, regardless of its designation under this Order, may contain personal and health information which is subject to the protections of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and California Civil Code §§ 56, et seq., 1798.29 and 1798.82, which protect the confidentiality of individually identifiable personal and health information. The Parties and all third party signatories to the Confidentiality Agreement agree to take all measures necessary to comply with the requirements of these laws and any other applicable laws governing the privacy of personal and health information.

16. Confidential Health Information shall constitute a subset of Confidential information, and shall be designated as Confidential and subject to all other terms and conditions governing the treatment of Confidential information, as set forth above. "Confidential Health Information" shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber.

1  "Confidential Health Information" shall include, but is not limited to, claim data,
2  claim forms, grievances, appeals, or other documents or records that contain any
3  patient health information required to be kept confidential under any state or federal
4  law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health
5  Insurance Portability and Accountability Act of 1996 (see 45 C.F.R. §§ 164.501 &
6  160.103), and the following subscriber, patient, or member identifiers:

7      (a)    names;
8      (b)    all geographic subdivisions smaller than a State, including street
9  address, city, county, precinct, and zip code;
10     (c)    all elements of dates (except year) for dates directly related to an
11 individual, including birth date, admission date, discharge date, age,
12 and date of death;
13     (d)    telephone numbers;
14     (e)    fax numbers;
15     (f)    electronic mail addresses;
16     (g)    social security numbers;
17     (h)    medical record numbers;
18     (i)    health plan beneficiary numbers;
19     (j)    account numbers;
20     (k)    certificate/license numbers;
21     (l)    vehicle identifiers and serial numbers, including license plate
22 numbers;
23     (m)    device identifiers and serial numbers;
24     (n)    web universal resource locators ("URLs");
25     (o)    internet protocol ("IP") address numbers;
26     (p)    biometric identifiers, including finger and voice prints;
27     (q)    full face photographic images and any comparable images; and
28

1  (r) any other unique identifying number, characteristic, or code.
In addition to the other limitations on use of Confidential information set forth above, the Producing Party may, but is not required to, redact the above identifiers or take other suitable precautions in order to protect the privacy of its members, subscribers, or patients, but only to the extent such redaction or other precaution does not result in prejudice to another Party in the Action. This subparagraph shall not prevent a Producing Party from disclosing its own Confidential Health Information to any person, including its counsel and their partners, associates, paralegals, and clerical and litigation support personnel.

17. Confidential information may further be designated "Restricted Confidential Information: For Counsel Only" by marking each document containing such information with the legend "Restricted Confidential Information: For Counsel Only," "For Attorneys' Eyes Only," or "Restricted Confidential" (hereinafter referred to as "Restricted Information") in the same manner and within the same time limitations as the marking of such information as "Confidential" set forth in paragraphs 8 and 18 hereof. All Restricted Information is included within the meaning of "Confidential" information as used in this Order and all provisions of this Order applying to Confidential information shall apply to Restricted Information. Restricted Information shall be given, shown, disclosed, made available, or communicated only to the Parties' attorneys of record in this action, and not to attorneys not of record in this action, Parties, officials, members, or affiliates of the Parties. Restricted Information may also be given, shown, disclosed, made available, or communicated to the Court, court personnel, and court reporters. This provision will promote efficient discovery while ensuring that Restricted Information is not disclosed to a Party's competitors or unauthorized personnel.

18. Any Party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party, within ten (10)

Case 2:11-cv-02349-GAF-E   Document 133-1   Filed 08/10/12   Page 9 of 16   Page ID #:1922

business days of production of such document (or such other time as may be agreed), provided that such document contains Confidential information of a designating Party, in the following manner:

    (a)    Parties to the Action may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document. Any Party receiving such notice and copy of the designated document pursuant to this subparagraph shall, within twenty (20) business days of receipt of such notice (or such other time as may be agreed), destroy all undesignated copies of such document in their custody or possession, or alternately shall affix the Legend to all copies of such designated document in their custody or possession.

    (b)    Upon notice of designation pursuant to this paragraph, Parties shall also: (i) make no further disclosure of such designated document or information contained therein except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

    (c)    The Parties shall serve a copy of this Order simultaneously with any discovery request made to a non-Party. For any discovery that was served on a non-Party prior to the date of this Order, the Party who served the discovery shall provide the non-Party with a copy of this Order within five (5) business days of the date this Order is entered by the Court.

    (d)    Nothing in this Order prevents a Party who opposes the designation of a document or information as Confidential from relying on the fact that the document or information is otherwise available in a form or from a source that is not itself confidential or subject to a confidentiality order.

19. This Order shall have no effect on any information or document that (a) was already lawfully in the possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality or (b) was lawfully acquired by the receiving party from a third party.

20. Nothing in this Order, nor the production of any information under its terms, nor any proceeding undertaken pursuant hereto, shall be deemed to have the effect of an admission or waiver by any party of, or otherwise be deemed to alter the confidentiality or non-confidentiality of, any information. Nor shall compliance with this Order operate as an admission as to the admissibility of any information.

21. The Parties shall confer in good faith prior to trial in an attempt to devise protective procedures to be applicable at trial that are satisfactory to the Court.

22. Entry of this Order is without prejudice to the right of any Party or non-party: (a) to apply to the Court for a further protective order relating to any Confidential material or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of Confidential information beyond the terms of this Order.

23. Inadvertent production by a Party of Confidential information without proper designation at the time of disclosure shall not be deemed a waiver of any claim of confidentiality as to such matter. The Party seeking protection of the Confidential information shall properly designate or re-designate the Confidential information by written notice to the other Parties within 10 days of the production or as promptly as possible upon learning of the inadvertent production of Confidential information without designation.

24. In the event that counsel for any Party desires to file with the Court any document which includes any Confidential information, such document shall

1  be filed separately in a sealed envelope pursuant to Central District of California
2  Local Rule 79-5.1, upon which shall prominently appear a statement substantially
3  similar to the following:

> **This envelope contains documents subject to a Stipulated Protective Order concerning the use of confidential discovery material entered by the Court in this action. This envelope shall not be opened, nor shall the contents be displayed or revealed except by order of the Court. Violation hereof may be regarded as a contempt of court.**

8  All papers that refer to or rely upon Confidential information shall designate
9  the particular aspects that are confidential. This Section shall not apply to the
10 Parties' submission of exhibits for trial, nor the handling of exhibits during trial.

11  25.  Counsel, the Producing Party, or the Parties may designate information
12 disclosed during any deposition as Confidential by identifying on the record at the
13 deposition the material that is to be treated as Confidential, or by marking within
14 30 days after the receipt of the transcript of such deposition the portions of the
15 transcript to be designated as Confidential. Prior to the expiration of such 30-day
16 period, all information disclosed during a deposition shall be treated as
17 Confidential, unless otherwise agreed by the Parties and the witness, or ordered by
18 the Court. During the deposition, if Confidential information is to be disclosed,
19 prior to disclosure any person not authorized to receive Confidential information
20 shall be excluded from the deposition until testimony regarding those matters has
21 been concluded.

22  26.  If any testimony in a deposition or any document or information used
23 during the course of a deposition is designated as Confidential, the portion of the
24 deposition record reflecting such material shall be stamped with the appropriate
25 designation and access thereto shall be limited pursuant to the terms of this Order.
26 The terms of this Order shall apply to videotaped depositions, and video cassettes
27 or other video containers shall be labeled in accordance with the terms of this
28 Order.

27. If any documents, information or testimony are designated Confidential by a Producing Party, but are not believed to be Confidential by the party receiving them, the receiving party shall notify the disclosing party within 21 days of the production and request a written release of confidential treatment hereunder. If such written release is not forthcoming in 10 business days thereafter, the receiving party may move the Court for an order requiring the release of confidential treatment. Prior to making such a motion, the receiving party shall contact the Producing Party, and the parties shall confer in good faith in an effort to resolve the dispute. To maintain confidential status in the event of such a motion, the Producing Party (or the party arguing that the information is confidential) bears the burden to demonstrate that the material or information at issue was properly designated and must show by a preponderance of the evidence that there is good cause for the document to have such protection. The information shall continue to be treated as Confidential under this Order unless and until the Court rules otherwise.

28. In the event appeals or writs are taken in the Action, the parties shall take reasonable steps to attempt to protect and preserve records marked as Confidential, such as by seeking appropriate orders from the appellate court, and filing documents under seal as appropriate.

29. This Order has no effect upon, and its scope shall not extend to, any party's use or disclosure of its own documents or information.

30. Upon a Party's written request following the final determination, settlement or other disposition of the Action, including any appeals, records containing Confidential information disclosed or received by any Party to this Order, or any Authorized Person (other than counsel's copies of documents filed with the Court and counsel's file copies of papers prepared in connection with this matter), shall be destroyed by counsel for the party in possession of such information. Counsel in possession of such information shall certify in writing that

1  it has been destroyed in accordance with this paragraph within 30 days of such a
2  written request.
3     31.  In the event any person or entity bound by the terms of this Order that
4  has possession, custody or control of any Confidential information that person or
5  entity did not produce, receives a subpoena or other process or order to produce
6  such information, such person or entity, as soon as reasonably practicable, shall
7  notify counsel for the Parties and the counsel of record of the Producing Party
8  claiming such confidential treatment of the document sought by such subpoena or
9  other process or order, and shall furnish those counsel of record with a copy of said
10 subpoena or other process or order. The person or entity receiving the subpoena or
11 other process or order shall cooperate with respect to all reasonable procedures
12 sought to be pursued by the Producing Party whose interest may be affected. The
13 Producing Party or Party asserting the confidential treatment shall have the burden
14 of moving to modify or quash such subpoena, process or order, and the receiving
15 party shall be entitled to comply with it except to the extent the person or entity
16 asserting the confidential treatment is successful in obtaining an order modifying or
17 quashing it.
18    32.  If Confidential information is disclosed to any person other than in the
19 manner authorized by this Order, the party (or non-party) responsible for the
20 disclosure shall, immediately upon learning of such disclosure, inform all other
21 Parties of all pertinent facts relating to such disclosure and shall make every effort
22 to retrieve the designated information and to prevent the occurrence of any further
23 disclosure unauthorized by this Order.
24    33.  This Court shall retain jurisdiction over all persons subject to this
25 Order for the purposes of enforcing the Order.
26    34.  Disclosure (including production) of information that a Party or non-
27 party later claims should not have been disclosed because of a privilege, including,
28 but not limited to, the attorney-client privilege or work product doctrine

1 ("Privileged Information"), shall not automatically constitute a waiver of, or
2 estoppel as to, any claim of attorney-client privilege, attorney work-product, or
3 other ground for withholding production as to which the Producing Party would be
4 entitled in the litigation or any other federal or state proceeding. This Order is
5 intended to provide the full protection afforded by Federal Rule of Evidence 502(d),
6 providing that "A Federal court may order that the privilege or protection is not
7 waived by disclosure connected with the litigation pending before the court—in
8 which even the disclosure also is not a waiver in any other Federal or State
9 proceeding." Upon discovery by a Producing Party (or upon receipt of notice from
10 another Party) that he/she/it may have produced Privileged Information, the
11 Producing Party shall, within ten (10) days of such discovery, request the return of
12 such information in writing by identifying the Privileged Information and stating
13 the basis for withholding such information from production. After being notified,
14 all other Parties must return, sequester, or destroy the Privileged Information and
15 any copies he/she/it has; must not use or disclose the information until the claim is
16 resolved; and must take reasonable steps to retrieve the information if he/she/it
17 disclosed the Privileged Information before being notified. If any Party disputes
18 the privilege claim ("Objecting Party"), that Objecting Party shall notify the
19 Producing Party of the dispute and the basis therefore in writing within ten (10)
20 days of receipt of the request for the return of the Privileged Information. Except as
21 expressly set forth herein, nothing in this provision shall limit the bases on which
22 the Objecting Party may challenge the assertion of any privilege or protection by
23 the Producing Party. The parties shall thereafter meet and confer in good faith
24 regarding the disputed claim within ten (10) days. In the event that the Parties do
25 not resolve their dispute, either Party may bring a motion for determination of
26 whether a privilege applies. The Producing Party must preserve the information
27 until the claim is resolved. If the claim of privilege is not disputed or resolved in
28

1 | favor of the Objecting Party, then all other Parties will return or destroy the
2 | privileged document.
3 |
4 | IT IS SO ORDERED.
5 |
6 | Dated: 8/10/12
7 | ~~United States District Judge,~~
   | Honorable ~~Gary A. Feess~~
8 | Charles F. Eick
   | United States Magistrate Judge

---

14
PROTECTIVE ORDER GOVERNING THE PRODUCTION AND HANDLING OF CONFIDENTIAL
MATERIAL – CASE NO. CV 11-02349 GAF (EX)

# ATTACHMENT A
# **CONFIDENTIALITY AGREEMENT**

1. I, _____, have read and understand the Stipulated Protective Order dated _____, 2012 (the "Protective Order") in the matter of *Sanjiv Goel, M.D. v. Coalition America Holding Company, Inc., et al*, USDC Case No. CV 11-02349 GAF (Ex) (the "Action"). I agree to be bound by its terms with respect to any documents, information or materials that are furnished to me as set forth in the Protective Order.

2. I further agree not to disclose to anyone any such documents, information or materials, except as permitted by the Protective Order.

3. I agree that any such documents, materials or information furnished to me will be used by me only for the purposes of this litigation and not for other purposes, and will not be imparted by me to any other person. I will maintain all such documents, materials or information in a secure manner to prevent unauthorized access to them.

4. No later than 30 days after the conclusion of this action, I will return all such documents, information and materials to the person who furnished them to me.

5. I hereby consent to the jurisdiction of said court for purposes of enforcing this Order.

_____   _____
Signature                    Date

_____   _____
Print Name                   Title

_____
Company Name

4819-0781-5184, v. 1